[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11429
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20009-UU-2

UNITED STATES OF AMERICA,

                                                                                Plaintiff - Appellee,

versus

LUIS ENRIQUEZ LORENZO RODRIGUEZ,

                                                                             Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 6, 2012)

Before BARKETT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Enriquez Lorenzo Rodriguez appeals his convictions for possession and conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; conspiracy and attempt to obstruct, delay, and affect commerce by means of robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a); and possession and discharge of a firearm in furtherance of a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(A)(iii), and 2.  On appeal, Lorenzo Rodriguez argues that the district court erred in denying his motion for judgment of acquittal on the Hobbs Act charges due to insufficient proof of a substantial effect on interstate commerce.  He also challenges the district court's admission of a witness's pretrial photographic identification and her in-court testimony related to the identification.  Next, the Lorenzo Rodriguez alleges that the district court improperly admitted highly prejudicial propensity evidence of his involvement in previous home-invasion robberies.  Fourth, he states that the district court erred by admitting a detective's testimony about the location from which various cell phone calls originated.  Fifth, Lorenzo Rodriguez argues that the government violated *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196 (1963), by failing to fully disclose reports and notes containing police and witness statements.  Finally,

2

Lorenzo Rodriguez argues that cumulative error deprived him of a fair trial. After thoroughly reviewing the record, we affirm the district court.

I.

We review *de novo* the denial of a motion for judgment of acquittal viewing the evidence in the light most favorable to the verdict. *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006). In reviewing the sufficiency of the evidence, "the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *Id.*

"The Hobbs Act prohibits robbery or extortion, and attempts or conspiracies to commit robbery or extortion, that in any way or degree obstruct, delay, or affect commerce or the movement of any article or commodity in commerce." *United States v. Diaz*, 248 F.3d 1065, 1084 (11th Cir. 2001) (quotation omitted). "Because the Hobbs Act, by its own terms, encompasses the inchoate offenses of attempt and conspiracy, the interstate nexus required to prove a Hobbs Act conspiracy may be established upon evidence that *had* the conspiratorial objective been accomplished, interstate commerce *would have been* affected." *United States v. Orisnord*, 483 F.3d 1169, 1177 (11th Cir. 2007). Thus, to establish the requisite interstate nexus for conspiracy to commit Hobbs Act robbery, the government need only demonstrate a realistic probability of an effect on interstate commerce or

3

some actual *de minimis* effect. *United States v. Kaplan*, 171 F.3d 1351, 1354 (11th Cir. 1999).

Lorenzo Rodriguez argues the Government needed to prove that there was a substantial relation to interstate commerce and not a minimal nexus. However, the current law in this circuit is, and remains, that only a minimal nexus is required. *See, e.g.*, *United States v. Taylor*, 480 F.3d 1025, 1027 (11th Cir. 2007). Here, Lorenzo Rodriguez and his codefendants planned and carried out an armed robbery with the hope of stealing money and drugs. The Government's case included testimony that most drugs come from outside the United States. Therefore, the district court properly denied Lorenzo Rodriguez's motion for judgment of acquittal on the two counts for conspiracy and attempt to commit Hobbs Act robbery because a juror could conclude that there was a minimal nexus to interstate commerce.

## II.

Lorenzo Rodriguez challenges the pretrial identification in a photo array and the testimony regarding that array as a violation of his due process rights. The Government argues that Lorenzo Rodriguez waived his right to this challenge because he did not file a motion to suppress as required by Federal Rule of

Criminal Procedure 12(b)(3)(C) or seek a waiver under Federal Rule of Criminal Procedure Rule 12(e).

Rule 12(b)(3)(C) requires that a motion to suppress evidence be made before trial or it is waived. *See United States v. Nix*, 438 F.3d 1284, 1288 (11th Cir. 2006) (denying a challenge to a search warrant because challenge was not preserved by a pretrial motion to suppress); *United States v. Slocum*, 708 F.2d 587, 600 (11th Cir. 1983) (denying a motion to suppress testimony when motion was not raised pretrial). Under Rule 12(e) the court may grant a waiver for good cause.

Here, the Defendant never filed a pretrial motion to suppress, nor did he object during trial. Instead, he argues this issue for the first time on appeal, without first seeking a waiver in the district court. Under Rule 12(b)(3)(C) he has waived any challenge to the photo array. *See Slocum*, 708 F.2d at 600.

### III.

We review the admission of prior crimes or bad acts under Federal Rule of Evidence 404(b) for abuse of discretion. *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008). "A defendant must object at trial to preserve an objection on appeal; the overruling of a motion in limine does not suffice." *United States v. Khoury*, 901 F.2d 948, 966 (11th Cir. 1990). Because Lorenzo Rodriguez did not raise any objections to the evidence after the district court ruled on the in limine

5

motion, we review this issue for plain error. We reverse for plain error when "there is (1) error, (2) that is plain, (3) that affects the substantial rights, and even then, only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1185 n.8 (11th Cir. 2006).

Rule 404 of the Federal Rules of Evidence prohibits the admission of "other crimes, wrongs, or acts" if used "to prove the character of a person"; however, this evidence may be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." To admit evidence under Rule 404(b), three conditions must be met: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403. *United States v. Matthews*, 431 F.3d 1296, 1310–11 (11th Cir. 2005) (per curiam).

The challenged evidence relates to intent. "A defendant who enters a not guilty plea makes intent a material issue, imposing a substantial burden on the government to prove intent; the government may meet this burden with qualifying

6

404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). To prove intent the Government was permitted to submit evidence that Lorenzo Rodriguez committed similar armed robberies to steal money and drugs with the same codefendants. *See United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001) (requiring that the prior act offered as evidence of intent involve the same mental state as the charged offense).

The second condition of admissibility can be established through the uncorroborated word of an accomplice. *Id.* The Government properly relied on Lorenzo Rodriguez's accomplices to establish that he committed the previous armed robberies. The Government also corroborated the testimony by providing documentary evidence of the prior convictions.

The third condition requires the district court to consider factors such as the government's need for evidence of intent, the similarity between the charged and extrinsic offenses, and the time elapsed between the charged and extrinsic offenses. *Id.* Rule 404(b) is a rule of inclusion, and evidence should not be excluded where it is central to the prosecution's case. *United States v. Eckhardt*, 466 F.3d 938, 946 (11th Cir. 2006). Here, the prior crimes happened in or about 2001, and less time has elapsed here than in other cases where we permitted

7

inclusion of similar evidence. *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (including evidence where fifteen years elapsed). Furthermore, the prior crimes were home-invasion robberies committed with the same codefedants. The district court did not commit plain error by admitting the evidence, as it was highly probative.

## IV.

We review rulings about alleged discovery violations under Federal Rule of Criminal Procedure 16 for an abuse of discretion. *United States v. Hastamorir*, 881 F.2d 1551, 1559 (11th Cir. 1989). We review a district court's evidentiary rulings, including witness testimony under Federal Rules of Evidence 701 and 702, for abuse of discretion. *United States v. Hill*, 643 F.3d 807, 840–41 (11th Cir. 2011).

Rule 16 provides the rules for disclosure and discovery in preparation for a criminal trial. Federal Rule of Criminal Procedure 16(a)(1)(E) requires the government, upon the defendant's request, to produce physical evidence in its possession, custody, or control that it intends to rely upon during its case-in-chief. A party has a continuing duty to promptly disclose the existence of evidence that must be produced upon discovery before or during trial. Fed. R. Crim. P. 16(c). A district court may, upon a failure to comply, exclude any undisclosed evidence.

Fed. R. Crim. P. 16(d)(2)(C). Late disclosure of Rule 16 evidence necessitates reversal only if it violates a defendant's substantial rights. *United States v. Bueno-Sierra*, 99 F.3d 375, 380 (11th Cir. 1996) (per curiam). Substantial prejudice occurs if a defendant is unduly surprised and lacks an adequate opportunity to prepare a defense. *Id.*

Roughly a month before trial the Government produced the cellular telephone records. These records included all of the information that the Detective testified about during trial. Because the defense had a month to prepare, the district court did not abuse its discretion by admitting the evidence at trial.

A witness is considered a lay witness if his or her testimony is in the form of opinions "which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. We have recognized that officers and employees can testify as lay witnesses "based upon their particularized knowledge garnered from years of experience within the field." *Hill*, 643 F.3d at 841 (citation omitted).

The Detective's testimony was not based on scientific, technical, or other specialized knowledge. He only reviewed the telephone records and the locations

9

of the cellular towers for each relevant call.  Based on his personal knowledge of the location of cell towers, he testified as to the general locations of a codefendant's phone at particular times during the conspiracy.  The district court did not abuse its discretion by including the Detective's testimony under Rule 701.

## V.

We review *de novo* a district court's determination as to whether a *Brady* violation occurred.  *United States v. Beasley*, 72 F.3d 1518, 1525 (11th Cir. 1996) (per curiam).  Under *Brady*, a defendant's due process rights are violated when the prosecution suppresses material evidence favorable to the defendant, irrespective of the good faith or bad faith of the prosecution.  *Brady*, 373 U.S. at 87, 83 S. Ct. at 1196–97.  To establish a *Brady* violation, the defendant must show that: (1) the prosecution possesses evidence, including impeachment evidence; (2) the defendant does not possess the evidence, nor could he obtain it himself with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.  *United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. 2001) (per curiam).  In considering whether the government's nondisclosure of exculpatory information violated a defendant's due process rights, "the focus is not upon the fact of nondisclosure,

10

but upon the impact of the nondisclosure on the jury's verdict." *United States v. Kopituk*, 690 F.2d 1289, 1339 (11th Cir. 1982).

The delayed disclosure of *Brady* evidence compels reversal only when the defendant demonstrates prejudice. *United States v. Beale*, 921 F.2d 1412, 1426 (11th Cir. 1991). In the context of the government's failure to disclose impeachment evidence, a defendant is prejudiced where there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383 (1985). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109–10, 96 S. Ct. 2392, 2400 (1976).

Here, Lorenzo Rodriguez alleges that the Government redacted potential *Brady* materials in reports and notes of agents and witnesses, including (1) identifications made of the robbers by the victims; (2) inconsistent statements and charged and uncharged misconduct conducted by his codefendatns; and (3) information about other people who were related to one of the codefendants and had a role in the current robbery. However, Lorenzo Rodriguez has not provided

11

specific examples of how this seriously prejudiced him at trial. Although Lorenzo Rodriguez made several objections at trial based on alleged *Brady* violations, the district court reviewed each argument and properly ruled that there was no *Brady* violation. After reviewing the *in camera* material, we affirm the district court's holding.

## VI.

Under the cumulative error doctrine, even if individual judicial errors would not be sufficient to warrant reversal, the defendant may have been denied a fair trial when the effect of all the errors is evaluated cumulatively. *United States v. Lopez*, 590 F.3d 1238, 1258 (11th Cir. 2009). "In addressing a claim of cumulative error, we must examine the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial." *Id.* (quotation omitted). Here, the district court did not err; therefore, there was no cumulative error.

**AFFIRMED.**